Arrest on Out-of-District Offense

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

07 OCT 30 AM 8:44

ARREST ON OUT-OF-DISTRICT OFFENSE                    DEPUTY

Magistrate Case Number **07 MJ 2551**

The person charged as **IAN DAVID IRELAND** now appears before this United States District Court for an initial appearance as a result of the following charges having been filed in the United States District Court for the _____ District of **IDAHO**

with **Conspiracy to Distribute/Possess WID Controlled Substances and Launder Money and Forfeiture**, in violation of **Title 21 U.S.C. Sections 841(a)(1), (b)(1)(A), (b)(1)(B) and 846; 18 U.S.C. Sections 2, 1956(h), and 371; Title 21 U.S.C. Section 853 (Drug Forfeiture); and Title 18 U.S.C. Section 982 (Money Laundering Forfeiture)**

The charging documents and the warrant of the arrest of the defendant which was issued by the above United States District Court are attached hereto.

I hereby swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

DATED: 10-29-2007

(Name)
~~Deputy United States Marshal~~
DEA SPECIAL AGENT
JAMES P. RIDER

Reviewed and Approved:

Dated: 10/29/07

JOHN R. KRAEMER
Assistant United States Attorney

# UNITED STATES DISTRICT COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>IAN DAVID IRELAND | **WARRANT FOR ARREST**<br><br>CASE NUMBER: CR 07-249-S-BLW |

To: The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest **IAN DAVID IRELAND** and bring forthwith to the nearest magistrate to answer **AN INDICTMENT** charging with the below listed violation.

21 USC 841(a)(1), (B)(1)(A) and 846-CONSPIRACY TO DISTRIBUTE/POSSESS WITH THE INTENT TO DISTRIBUTE COCAINE

21 USC 841(a)(1), (B)(1)(A) and 846-CONSPIRACY TO DISTRIBUTE/POSSESS WITH THE INTENT TO DISTRIBUTE MARIJUANA

21 USC 841(a)(1), (b)(1)(B) and 846-CONSPIRACY TO DISTRIBUTE/POSSESS WITH INTENT TO DISTRIBUTE MARIJUANA

18 USC 2 and 1956(h)-CONSPIRACY TO LAUNDER MONEY

18 USC 2 AND 371-CONSPIRACY TO STRUCTURE TRANSACTIONS, LAUNDER MONEY AND USE INTERSTATE FACILITIES

21 USC 853-DRUG FORFEITURE

18 USC 982-MONEY LAUNDERING FORFEITURE

| | | |
|---|---|---|
| Darlene Smith, Deputy Clerk<br>Name and Title of Issuing Officer | *[signature]* | October 11, 2007<br>Date |

---

### RETURN

This warrant was received _____ and executed with the arrest of the above-named individual at _____.

_____  _____
Signature of Arresting Officer          Date of Arrest

_____
Name & Title of Arresting Officer

THOMAS E. MOSS, IDAHO BAR NO. 1058
UNITED STATES ATTORNEY
MONTE J. STILES, IDAHO BAR NO. 2965
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
WASHINGTON GROUP, PLAZA IV
800 PARK BLVD., SUITE 600
BOISE, IDAHO 83712
TELEPHONE: (208) 334-1211
FACSIMILE: (208) 334-1413

UNITED STATES COURT
DISTRICT OF IDAHO

OCT 1 0 2007

_____ M. REC'D _____
LODGED _____ FILED _____

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. |
| Plaintiff, ) | CR 07-0249-S BLW |
| vs. ) | INDICTMENT |
| ) | 21 U.S.C. §§ 841(a)(1), (b)(1)(A) |
| IAN DAVID IRELAND, and ) | 21 U.S.C. § 846 |
| LANCE KEVIN SMITH, ) | 18 U.S.C. §§ 1952, 1956, 1957 |
| Defendants. ) | |

### COUNT ONE

**CONSPIRACY TO DISTRIBUTE/POSSESS WITH THE INTENT TO DISTRIBUTE COCAINE**
**21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846**

Beginning on an unknown date, but existing at least between the dates of 1987 and September 18, 2007, in the Districts of Idaho, California, Montana, Washington, and elsewhere, the defendant, **IAN DAVID IRELAND**, did knowingly and intentionally combine, conspire, confederate and agree with other persons to distribute/possess with the intent to distribute 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A) and 846.

INDICTMENT - 1

## COUNT TWO

### CONSPIRACY TO MANUFACTURE/DISTRIBUTE/POSSESS WITH THE INTENT TO DISTRIBUTE MARIJUANA
### 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846

Beginning on an unknown date, but existing at least between the dates of 1987 and September 17, 2007, in the Districts of Idaho, California, Montana, Washington, and elsewhere, the defendant, **IAN DAVID IRELAND**, did knowingly and intentionally combine, conspire, confederate and agree with other persons to manufacture/distribute/possess with the intent to distribute 1,000 or more marijuana plants and/or 1,000 kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A) and 846.

## COUNT THREE
### CONSPIRACY TO MANUFACTURE/DISTRIBUTE/POSSESS WITH THE INTENT TO DISTRIBUTE MARIJUANA
### 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846

Beginning on an unknown date, but existing at least between January, 2007 and September 17, 2007, in the Districts of Idaho and California, the defendants, **IAN DAVID IRELAND** and **LANCE KEVIN SMITH**, did knowingly and intentionally combine, conspire, confederate and agree with other persons to manufacture/distribute/possess with the intent to distribute 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B) and 846.

## COUNT FOUR

### CONSPIRACY TO LAUNDER MONEY
### 18 U.S.C. §§ 2 and 1956(h)

The allegations set forth in Counts One, Two and Three are re-alleged and incorporated herein by reference.

Beginning on an unknown date, but existing at least between the dates of 1987 and September 18, 2007, in the Districts of Idaho, California, Montana, Washington, and elsewhere,

INDICTMENT - 2

the defendant, **IAN DAVID IRELAND**, did knowingly and intentionally combine, conspire, confederate and agree with other persons to commit certain offenses against the United States in violation of Title 18, United States Code, Section 1956(h), as follows:

(a) to conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which transaction involved the proceeds of specified unlawful activity, that is, the felonious importing, receiving, concealing, buying, selling and otherwise dealing in controlled substances, and money laundering, (1) with the intent to promote the carrying on of said specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i); (2) knowing that such transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of said specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and (3) knowing that such transaction was designed in whole and in part to avoid a transaction reporting requirement under federal law, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(ii); and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity; and

(b) knowingly to engage, attempt to engage, and cause and aid and abet others in engaging in monetary transactions in criminally derived property that was of a value greater than $10,000, in violation of Title 18, United States Code, Section 1957.

### Objects of the Conspiracy

The objects of the conspiracy include, but are not limited to, the following:

a.   To financially support and maintain the criminal conspiracies described in Counts One, Two, and Three, and the defendant **IAN DAVID IRELAND'S** long-term, ongoing drug-trafficking and money-laundering operations, and to derive economic benefit from the same.

b.   To promote and facilitate additional money laundering and drug trafficking.

INDICTMENT - 3

c.   To conceal and protect the defendant's drug and money-laundering activities, including his proceeds and assets acquired with criminal proceeds.

All in violation of Title 18, United States Code, Sections 2 and 1956(h).

## COUNT FIVE

### CONSPIRACY TO STRUCTURE TRANSACTIONS, LAUNDER MONEY, AND USE INTERSTATE FACILITIES
### 18 U.S.C. §§ 2 and 371

The allegations set forth in Counts One, Two, Three and Four are re-alleged and incorporated herein by reference.

Beginning on an unknown date, but existing at least between the dates of 1987 and September 18, 2007, in the Districts of Idaho, California, Montana, Washington, and elsewhere, the defendant, **IAN DAVID IRELAND**, did knowingly and intentionally combine, conspire, confederate and agree with other persons to commit certain offenses against the United States, as follows:

(a) knowingly and for the purpose of evading the reporting requirements of Section 5313(a) of Title 31, United States Code, and the regulations promulgated thereunder, to cause and attempt to cause a domestic financial institution to fail to file a report required under Section 5313(a), in violation of 31 U.S.C. § 5324(1);

(b) knowingly and for the purpose of evading the reporting requirements of Section 5313(a) of Title 31, United States Code, and the regulations promulgated thereunder, to cause and attempt to cause a domestic financial institution to file a report required under Section 5313(a) that contained a material omission and misstatement of fact, in violation of 31 U.S.C. § 5324(2);

(c) knowingly and for the purpose of evading the reporting requirements of Section 5313(a) of Title 31, United States Code, and the regulations promulgated thereunder, to structure, assist in structuring, and attempt to structure and assist in structuring, transactions with a domestic financial institution, in violation of 31 U.S.C. § 5324(3);

INDICTMENT - 4

(d) knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity, to conduct and attempt to conduct such a financial transaction (1) with the intent to promote the carrying on of specified unlawful activity, and (2) knowing that the transaction was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of specified unlawful activity, and to avoid a transaction reporting requirement under federal law, in violation of 18 U.S.C. § 1956(a)(1);

(e) knowingly to transport, transmit, and transfer, and attempt to transport, transmit, and transfer a monetary instrument and funds from a place in the United States to and through a place outside the United States with the intent to promote the carrying on of specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(2)(A);

(f) knowingly to engage, attempt to engage, and cause and aid and abet others in engaging in monetary transactions in criminally derived property that was of a value greater than $10,000, in violation of 18 U.S.C. § 1957; and

(g) knowingly to travel, and to cause and aid and abet travel, and to use and cause to be used a facility in interstate and foreign commerce with the intent to promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on of an unlawful activity, to wit: violations of 18 U.S.C. §§ 1956 and 1957 and 31 U.S.C. § 5324, in violation of 18 U.S.C. § 1952(a)(3).

### Objects of the Conspiracy

The objects of the conspiracy include, but are not limited to, the objects set forth in Count Four, which are incorporated herein by reference.

### Overt Acts

In furtherance of the conspiracy and to achieve the objects thereof, **IAN DAVID IRELAND** and his co-conspirators committed and caused to be committed overt acts in the Districts named above.

INDICTMENT - 5

All in violation of Title 18, United States Code, Sections 2 and 371.

## COUNT SIX

### DRUG FORFEITURE
### 21 U.S.C. § 853

The defendant **IAN DAVID IRELAND** shall forfeit to the United States any and all property, real and personal, tangible and intangible, consisting or derived from any proceeds the said defendant obtained directly or indirectly as a result of the foregoing drug offenses; and any and all property, real and personal, tangible and intangible, used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the foregoing offenses; these interests include, but are not limited to, the following properties:

A.   **Real Property and Proceeds Thereof**:  All right, title and interest in land and appurtenances and improvements, including buildings and residences, and proceeds of sale thereof, more fully described below:

1.   All of that certain parcel of land located at **100 East 000 North, Fairfield, Camas County, Idaho** (formerly 20 White Lane, RR 1 Box 1005, Fairfield, Camas County, Idaho), more particularly described as:

> All that portion of the SW 1/4 of section 11, Township 1 South, Range 14, East Boise Meridian, Described as follows:
>
> Beginning at the SW corner of SW 1/4 of section 11 and running thence East on the South Section line of said Section 11, 738 feet; thence in a northwesterly direction to a point on the South line of the Railroad Right of Way of the Idaho Central Railroad Company, which is 140 feet East of the West Section line of said Section 11; thence, West 140 feet to the West section line of said section 11; thence, South on said West section line to the point of beginning.
>
> Excepting therefrom all land heretofore deeded or used for highway or road purposes.

2.   All of that certain parcel of land located at **San Juan County, Washington**, being Parcel No. 160232006, more particularly described as:

> That portion of Government Lot 6, Section 2, Township 36 North, Range 1 West, W.M. described as follows:

INDICTMENT - 6

Beginning at a point 489.40 feet South and 1217.17 feet East of the West Quarter Corner of said Section 2, the bearing of the West line of the said Government Lot 6 being South 0°32' West, thence North 6°36' West, along a line parallel to and 30 feet Westerly of the Westerly line of the tract conveyed by Deed recorded under Auditor's File No. 41944, records of San Juan County, Washington, 115.29 feet; thence North 5°24' East, 53.72 feet; thence North 77°07' West, along a line parallel to and 30 feet Southerly of the Southerly line of the tract conveyed by Deed recorded under Auditor's File No. 41936, 192.68 feet; thence North 84°45' West, 285.19 feet; thence along a curve of 30 foot radius to the left, 74.12 feet; thence South 46°19' East, 42.56 feet; thence South 15°39' East, 162.11 feet; thence East, 428.97 feet to the point of beginning.

TOGETHER WITH and easement for road purposes only over a strip of land 30 feet wide as granted and conveyed by and described within Easement, recorded October 3, 1951 in Volume 9 of Miscellaneous Records, at page 334, under Auditor's File No. 41946, records of San Juan County, Washington.

Situate in San Juan County, Washington.

TOGETHER WITH all Grantor's right, title, and interest in and to those certain rights as contained in Quit Claim Deed, executed by J. Helge Johanson, to D.K. Ireland and Martha Ireland, recorded June 20, 1966, in Volume 44, of Deeds, at page 324, under Auditor's File No. 63818, records of San Juan County, Washington.

Grantor also grants and conveys to grantees, for the use and benefit of the land hereinbefore described, an easement for the right to use real property described as follows, to wit:

A tract of land in Government Lot 6, Section 2, Township 36 North, Range 1 West, W.M., described as follows, to wit:

Beginning at a point 289.83 feet South and 1296.61 feet East of the West Quarter corner of the said Section 2; thence South 81°35' West, 55.9 feet; thence South 5°24' West, 76.88 feet; thence North 77°09' East, to the Easterly line of Government Lot 6; thence northerly, along the Easterly line of Government Lot 6, to a point that bears East of the point of beginning; thence West to the point of beginning.

In common with the owners of neighboring lands originally conveyed by J. Helge Johanson as Trustee under Deed of Trust dated May 16, 1949 and recorded in Volume 24 of Deeds, Page 262, records of San Juan County, Washington, for the purposes of gaining access to the salt water of Doe Bay and for the pleasure and convenience of Grantees in the use of the beach located thereon, and for the mooring, landing and storing of boats.

SUBJECT TO:

Easement, dated July 14, 1950, executed by J. Helge Johanson, trustee to Doe Bay Water Users Association, recorded June 11, 1951, in Volume 8, of Miscellaneous Records, at page 1290, under Auditor's File No. 41659, records of San Juan County, Washington, as follows:

INDICTMENT - 7

"An easement in the following described real estate, situated in San Juan County, Washington, to wit:

Lot Six (6), Section 2, Township 36 North, Range 1 West, W.M.

For the purpose of constructing, laying, maintaining, inspecting, repairing and reconstructing a water pipe-line and main, and for all purposes and use reasonably incidental thereunto. The exact location of the right-of-way and easement herein granted, shall be limited to the actual line of water pipe as engineered, located and placed during the year 1950, across said real estate and shall extend to no other part of said real estate. Excepting only reasonable right of access to all parts of the line of said pipe."

The alignment of the above mentioned easement is not shown or described in the instrument creating easement.

The effect of the conditions and restrictions contained in Easement, dated August 4, 1951, executed by L.D. Bulman and Jessie J. Bulman, husband and wife; Carroll N. Culver and Jean Culver, husband and wife, and J. Helge Johanson, recorded October 3, 1951, in Volume 9 of Miscellaneous Records, at page 334, under Auditor's File No. 41946, records of San Juan County, Washington, as follows:

"Each of the parties shall contribute proportionately to the upkeep, maintenance and repair of said roadway. Said easement and right-of-way shall be perpetual and for the use and benefit of the lands owned by each of the parties and the rights and obligations herein conferred and assumed shall run with the land and shall pass to anyone who may acquire and interest in the lands of the parties hereto or any part thereof."

Doe Bay Water Users Association Water Distribution System Easement, dated June 30, 1982, executed by Martha Ireland to Doe Bay Water Users Association, recorded April 8, 1986, in Volume 97, of Official Records, at page 345, under Auditor's File No. 124213, records of San Juan County, Washington, as follows:

"A non-exclusive easement for waterline and water system utility purposes over, across and under the following described property, situate in San Juan County, Washington, together with all after acquired title of the grantors therein.

As Exhibit "A" attached hereto and incorporated herein by this reference

Tax Parcel No. 160232006

The location of the easement shall be ten (10) feet in width on either side of the centerline of the present location of the Grantee's waterline, or if the waterline is moved, extended or otherwise modified, at such reasonable location as the Grantor and Grantee shall agree.

The purpose of the easement shall be for the installation, maintenance and repair of a waterline and related water system equipment together with ingress and egress thereto.

INDICTMENT - 8

> Grantor further convey and quit claim to the Grantee a temporary construction easement for the purposes set forth above, said easement being fifteen (15) feet on either side of the above described centerline. The temporary easement shall terminate upon completion of construction.
>
> All right, title and interest which may be used and enjoyed without interfering with the easement rights herein conveyed are reserved to the Grantor, provided, however, Grantor shall not build or cause to be built any permanent structures of any kind, design or description over, across or upon the easement herein grantee and conveyed.
>
> In the event of construction or repair, the Grantee shall restore the surface to its preconstruction conditions as much as is reasonable practicable.
>
> No monetary consideration or exchange of property has been given for this easement."

3) All of that certain parcel of land located at **11871 Samish Island Road, Bow, Skagit County, Washington**, being Parcel No. 350201-1-001-0100 P103991, more particularly described as:

> The following described real estate, situated in the County of Skagit, State of Washington:
>
> Tract "A" of Skagit County Short Plat No. 93-069, approved November 12, 1993, and recorded December 15, 1993, under Auditor's File No. 9312150105, records of Skagit County, Washington, being a portion of Government Lots 1, 2 and 3, of Section 1, Township 35 North, Range 2 East, W.M.
>
> Abbreviated Legal: Section 1, Township 35, Range 2; PTN. Government Lot 1, aka Tract 4, Short Plat No. 93-069.
>
> Assessor's Property Tax Parcel Account Number(s): 35201-I-001-0100 P103991.

4) All of that certain parcel of land located at **12793 Montego Bay, Bermuda Dunes, Riverside County, California**, consisting of approximately .86 acres, being Parcel No. 611-410-051-9, more particularly described as:

> Parcel 11 of Parcel Maps 14266, in the City of Indio, County of Riverside, State of California, as per map recorded in Parcel Map Book 76, Page(s) 25 and 26 of Parcel Maps, in the office of the County Recorder of said County.

5) All of that certain parcel of land located at **79300 Montego Bay Drive, Unit 12, Bermuda Dunes, Riverside County, California**, more particularly described as:

> Parcel 1:
> An undivided one-eighteenth interest in and to lot 1 of tract 3593, in the County of Riverside, State of California, as per map recorded in book 56, page(s) 87 and 88 of maps, in the office of the County Recorder of said County.

INDICTMENT - 9

Except the exclusive right to use and occupancy of all of the apartments and carports in the buildings situated on said land, other than such rights of use and occupancy as are set forth in parcel no. 2 hereof.

Parcel 2:

The exclusive right to use and occupancy of apartment no. 12 and carport no. 29 located on lot 1 of tract 3593, in the County of Riverside, State of California, as per map recorded in book 56, page(s) 87 and 88 of maps, in the office of the County Recorder of said County; said apartment and carport both as shown and designated on the plat attached to and made a part of the supplement to declaration of restrictions recorded on December 14, 1966 as instrument no. 119585.

Parcel 3:

A non-exclusive right of ingress and egress to and from apartment no. 12 and carport no. 29 and the right, in common with the owners of similar undivided interest, in lot 1 of said tract 3593 the Bermuda Oasis Project, to use the passageways, driveways, common facilities, equipment, gardens and walks.

Parcel 4:

A non-exclusive easement for ingress and egress over, upon and along the area designated as Montego Bay Drive on the map of tract 3593, in the County of Riverside, State of California, as per map recorded in book 56, page(s) 87 and 88 of maps, in the office of the County Recorder of said County.

6) All of that certain parcel of land located at **43201 Port Maria Road, Bermuda Dunes, Riverside County, California**, being Parcel No. 609373003-5, more particularly described as:

Lot 177 of Tract 2606, County of Riverside, State of California, as per map recorded in Book 45, Page 91 to 97 of miscellaneous maps, in the office of the County Recorder of said County.

7) All of that certain parcel of land located at **41421 Jamaica Sands, Bermuda Dunes, Riverside County, California**, being Parcel No. 607373003-1, more particularly described as:

Lot 63 of Tract 2508 as shown by map on file in Book 46, Pages 71 and 72 of Maps, Records of Said County.

**B.** **Bank Accounts/Investment Accounts/Management Accounts:** All funds received on behalf of, or credited to, bank accounts, investment accounts or management accounts, held in the United States or overseas, in which **IAN DAVID IRELAND** has an

INDICTMENT - 10

interest, including but not limited to, the following bank accounts, investment and management accounts:

> Bank of America
> Ian D. Ireland/Deanna L. Ireland
> Account No. 99681298
>
> Bank of America
> Ireland House and Garden Construction
> Ian D. Ireland DBA
> Account No. 46000618
>
> Bank of America
> Sola Designs
> Account No. 40544900
>
> Bank of America
> Deanna L. Ireland
> Account No. 12469-00260
>
> Bank of America
> Deanna L. Ireland
> Account No. 12462-00016
>
> Bank of America
> Ian D. Ireland/Tamara L. Fischer
> Account No. 12469-43434
>
> Bank of America
> Ian D. Ireland/Ian S. Ireland Sola Designs
> Account No. 12464-41985

C. **Conveyances and Personal Property:** All right, title and interest in the following conveyances and personal property:

1. 2000 Dodge Quad Cab Pickup
   VIN No. 1B7KF2363YJ134395

2. 2003 Chevrolet Silverado
   VIN No. 1GCGK13U83F229122

3. 2004 Utility Trailer
   VIN: 5M3BE142941011350

4. 1987 Fifth Wheel Penlite 29
   VIN: 1W53ATN20HY006551

5. 9" 4 Spindle Moulder
   Serial No. 572902

INDICTMENT - 11

    **D.**    **Business Property and Proceeds Thereof:**  All interests in any and all assets, investment accounts or equity in any of the following businesses:

1. Dibio Nutrition/Pharmanex i.e. Dibio Nutrition/Pharmanex
2. Ireland House and Garden Construction
3. Sola Designs

If any of the properties and interests described above as being subject to forfeiture, as a result of any action or omission of the defendants above named:

1. Cannot be located upon the exercise of due diligence;
2. Has been transferred or sold to, or deposited with, a third person;
3. Has been placed beyond the jurisdiction of the court;
4. Has been substantially diminished in value; or
5. Has been commingled with other property which cannot be subdivided

without difficulty; it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the said defendants up to the value of the forfeitable properties and interest herein, including but not limited to, all the property referred to herein to the extent of any interests of the defendants which do not constitute proceeds of drug and money laundering violations, or are not otherwise forfeitable pursuant to 21 U.S.C. § 853, and as to which the defendants are jointly and severally liable.

All pursuant to Title 21, United States Code, Section 853.

### COUNT SEVEN

### MONEY LAUNDERING FORFEITURE
### 18 U.S.C. § 982

As a result of the money laundering violations as charged herein, the defendant, **IAN DAVID IRELAND**, shall forfeit to the United States any and all property, real and personal, involved in the aforestated violations and all property traceable to such property, including the

INDICTMENT - 12

real and personal property items set out in Count Six above, including substitute assets, which are re-alleged and incorporated herein.

DATED this 10th day of October, 2007.

**A TRUE BILL**

/s/[Signature on Reverse]
FOREPERSON

THOMAS E. MOSS
United States Attorney by

MONTE J. STILES
Assistant United States Attorney

INDICTMENT - 13